IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NILO PENTON,** | : | CIVIL ACTION NO. 1:22-CV-1987 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **L. BARRAZA,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2241. Petitioner, Nilo Penton, who is presently incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood"), challenges his 2018 conviction in the United States District Court for the Southern District of Florida for Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence. We will dismiss the petition for lack of jurisdiction.

**I.    Factual Background & Procedural History**

Penton pleaded guilty to Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence in the Southern District of Florida in 2018. See United States v. Penton, No. 1:17-CR-20902 (S.D. Fla. Aug. 31, 2018). He was sentenced to a term of imprisonment of 170 months and was ordered to pay $505,017.00 in restitution. Id. at Doc. 91. He did not appeal. (Doc. 1 at 2).

Penton moved to vacate his sentence in the sentencing court pursuant to 28 U.S.C. § 2255 on September 26, 2022, arguing that the amount of restitution ordered was unlawful and that his sentence was unlawfully increased under the Federal

Sentencing Guidelines because the value of the stolen property needed to be offset against the amount of restitution that he was ordered to pay. Penton v. United States, No. 1:22-CV-23129 (S.D. Fla. Sept. 26, 2022). The court dismissed the petition, concluding that it was time barred and that the court lacked jurisdiction to consider Penton's challenge to the validity of the restitution order. Id. at Doc. 3. Penton appealed to the United States Court of Appeals for the Eleventh Circuit, which dismissed the appeal based on Penton's failure to pay the requisite filing fee or move for leave to proceed *in forma pauperis*. Penton v. United States, No. 22-13503 (11th Cir. Nov. 17, 2022).

Penton filed the instant petition on December 12, 2022, and the court received and docketed the petition on December 14, 2022. (Doc. 1). Penton moved for leave to proceed *in forma pauperis*. (Doc. 2). We denied the motion, finding that Penton had sufficient funds to pay the filing fee. (Doc. 6). Penton paid the filing fee on December 29, 2022. (Doc. 7).

Penton asserts three grounds for habeas corpus relief: (1) that the sentencing court's restitution order exceeded the maximum penalty permitted by law; (2) that the sentencing court erred by applying a sentencing enhancement based on the value of the stolen property because the value of the property had to be offset against the amount of restitution he was ordered to pay; and (3) that the waiver of appellate rights contained in Penton's guilty plea was invalid. (Doc. 1).

II.     **Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain

2

from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

### III. Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Id. at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements

3

of . . . § 2255." Id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

The court does not have jurisdiction to consider Penton's claims. Penton's first claim, which challenges the legality (as opposed to the execution) of his restitution order, is not a cognizable habeas corpus claim. See Gardner v. Bledsoe, 415 F. App'x 384, 386 (3d Cir. 2011) (nonprecedential) (petitioner's challenge to validity of restitution order falls beyond scope of habeas jurisdiction); Lara v. Smith, 132 F. App'x 420, 421 (3d Cir. 2005) (nonprecedential) (same).[1] His second claim, which challenges the imposition of a sentencing enhancement, was raised in his Section 2255 motion and dismissed as untimely; our court of appeals has explained that expiration of the one-year statute of limitations for a Section 2255 motion does not render Section 2255 inadequate or ineffective for purposes of habeas jurisdiction. See Cradle, 290 F.3d at 539. His third and final claim challenges the validity of the appellate waiver in his plea agreement, and claims challenging the validity of a plea agreement are properly brought as motions pursuant to Section 2255. E.g., Ryan v. Scism, 445 F. App'x 580, 583 (3d Cir. 2011) (nonprecedential); Yanez-Garcia v. Ebbert, 411 F. App'x 454, 455-56 (3d Cir. 2011) (nonprecedential); Francis v. Smith, 165 F. App'x 199 (3d Cir. 2006) (nonprecedential).

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

**IV.**     **Conclusion**

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    January 9, 2023